IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CASE NO. 24-3424

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

OMAR WILLIAMS,
Defendant-Appellant.

On Appeal from the United States District Court
for the Northern District of Ohio
Eastern Division

BRIEF OF PLAINTIFF-APPELLEE

OMAR WILLIAMS, *PRO SE*
Reg. No. 64600-060
F.C.I. Milan
P.O. Box 1000
Milan, MI 48160

Pro se Defendant-Appellant

REBECCA C. LUTZKO
United States Attorney

Henry F. DeBaggis
Assistant United States Attorney
801 West Superior Ave., Suite 400
Cleveland, Ohio 44113
Telephone: (216) 622-3600
Facsimile No: (216) 522-7499
E-mail: henry.debaggis@usdoj.gov

Counsel for Plaintiff-Appellee

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ................................................ v

JURISDICTIONAL STATEMENT .......................................................... 1

STATEMENT OF THE ISSUE ............................................................. 2

STATEMENT OF THE CASE .............................................................. 3

SUMMARY OF THE ARGUMENT ............................................................ 6

ARGUMENT ........................................................................... 7

    I.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION
           WHEN IT DENIED WILLIAMS' COMPASSIONATE RELEASE
           MOTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) AND THE
           FIRST STEP ACT OF 2018 .................................................. 7

CONCLUSION ......................................................................... 17

CERTIFICATE OF SERVICE ............................................................. 18

CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION ................... 19

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS ............. 20

# TABLE OF AUTHORITIES

## Federal Cases

*Dorsey v. United States*, 567 U.S. 260 (2012)..........................................................12

*Mathis v. United States,* 579 U.S. 500 (2016) .........................................................12

*United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021) ............................................8

*United States v. Bricker*, Appeal No. 24-3286 ........................................................15

*United States v. Burris*, 912 F.3d 38 (6th Cir. 2019)..................................................4

*United States v. Chen*, 48 F.4th 1092 (9th Cir. 2022) ................................................9

*United States v. Crandall*, 25 F.4th 582 (8th Cir. 2022) ...........................................8

*United States v. Jenkins*, 50 F.4th 1185 (D.C. Cir. 2022) .........................................8

*United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020).............................................8

*United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc)................. *passim*

*United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020) .............................................9

*United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021) .........................................9

*United States v. McHenry*, Appeal No. 24-3289 .....................................................15

*United States v. McMaryion*, No. 21-50450,  2023 WL 4118015 (5th Cir. June 22, 2023) (unpublished) ....................................................................................................8

*United States v. Persuad,* No. 23-3103, 2023 U.S. App. LEXIS 24163 (6th Cir. Sep. 12, 2023) ..........................................................................................................16

*United States v. Ruvalcaba*, 26 F.4th 14 (1st Cir. 2022) ..........................................9

*United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021)...............................................8

*United States v. West*, 70 F.4th 341 (6th Cir. 2023) ..................................................7

**Federal Statutes**

18 U.S.C. § 922(g)(1)................................................................3

18 U.S.C. § 3231.....................................................................1

18 U.S.C. § 3553(a)..............................................................6, 7

18 U.S.C. § 3582(c)(1)(A)................................................. *passim*

18 U.S.C. § 3582(c)(2).............................................................13

21 U.S.C. § 841(a)(1)................................................................3

21 U.S.C. § 841(b)(1)(A)...........................................................3

28 U.S.C. § 1291.....................................................................1

28 U.S.C. § 2255..............................................................4, 13

28 U.S.C. § 994(p)..................................................................11

**State Statutes**

Ohio Rev. Code § 2925.03(A)(2)...............................................12

**Federal Rules**

Fed. R. App. P. 34(a)(2)(C)...................................................... iv

**U.S. Sentencing Guidelines**

U.S.S.G. § 1B1.13...............................................................9, 10

U.S.S.G. § 1B1.13(b)(6) ................................................ 9, 10, 14, 15

U.S.S.G. § 1B1.13(c) ...........................................................9, 10

**Other Authorities**

88 Fed. Reg. 28, 254, 28, 256 (May 3, 2023)............................................8

88 Fed. Reg. at 28,254-28,281 ...................................................9

88 Fed. Reg. at 28,255 ............................................................................10

First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.......................... *passim*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Plaintiff-Appellee, the United States of America, believes that the briefs and record adequately present the facts and legal arguments and that oral argument would not significantly aid the decisional process.

*Pro se* Defendant-Appellant Omar Williams appeals from the district court's decision denying his motion for compassionate release after reviewing the parties' pleadings.  This Court should do likewise here, as the record and law are straightforward and support the district court's decision denying Williams' motion.

The government recommends that this case be decided on the briefs under Federal Rule of Appellate Procedure 34(a)(2)(C).

## <u>JURISDICTIONAL STATEMENT</u>

Williams appeals from the district court's May 1, 2024, order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (R. 236: Order, PageID 2098).  Williams timely filed a notice of appeal on May 13, 2024. (R. 237: Notice, PageID 2112).  The district court had jurisdiction under 18 U.S.C. § 3231, and this Court has jurisdiction under 28 U.S.C. § 1291.

## <u>STATEMENT OF THE ISSUE</u>

I.      Whether the district court abused its discretion in denying Williams'
        motion for compassionate release pursuant to 18 U.S.C. §
        3582(c)(1)(A) and the First Step Act of 2018?

## STATEMENT OF THE CASE

On March 1, 2017, Williams was charged in an indictment with possession with intent to distribute and conspiracy to distribute multiple kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and for possessing multiple firearms as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (R. 11: Indictment, PageID 199-206).

The indictment detailed Williams' role as a significant drug distributor during which he regularly sold multiple ounces of cocaine per week for several years. (R. 81: Presentence Report (PSR) SEALED, PageID 685).  In the early morning hours of February 4, 2017, agents executed a search warrant at Williams' residence. (Id., PageID 684). There they found Williams, multiple firearms, kilograms of cocaine, and more than $210,000 in cash. (Id.).

Williams pleaded guilty to conspiracy to distribute cocaine (Count 1) and possession of a firearm by a convicted felon (Count 6). (R. 36: Plea Agreement, PageID 303-316).  Williams was found to be a career offender based on prior felonious assault and drug trafficking convictions. (R. 81: PSR SEALED, PageID 689).  Williams' guideline sentencing range was 262-327 months (Id., PageID 694); however, the district court imposed a sentence of 210 months imprisonment to be followed by a ten-year term of supervised release. (R. 107: Judgment, PageID

930).  Williams is currently serving his sentence at Milan FCI, with a projected release date of February 14, 2031.[1]

On May 29, 2018, Williams filed a Motion to Vacate under 28 U.S.C. § 2255 (R. 156: Motion to Vacate, PageID 1403), in which he alleged multiple claims of ineffective assistance of counsel.  After holding an evidentiary hearing on the Motion to Vacate on May 28, 2020, the district court denied Williams' Motion (R. 211: Order, PageID 1859), and this Court denied Williams a certificate of appealability.

Williams then petitioned the Sixth Circuit for permission to file a second or successive §2255 motion, which was denied by this Court on February 16, 2022. (R. 223: Order of Denial, PageID 1915). In his petition, Williams argues that following the Court's ruling in *United States v. Burris*, 912 F.3d 38, 406 (6th Cir. 2019), his prior felonious assault conviction no longer qualifies as a "crime of violence[2]" under the career-offender guideline. (*Id.*). This Court denied the petition because Williams did not make a *prima facie* showing that there is newly

---

[1]    Bureau of Prisons, *Inmate Locator*, available at https://www.bop.gov/inmateloc/ (last accessed June 26, 2024).

[2] According to the PSR, the felonious assault indictment charged Williams with knowingly causing serious physical harm to a female by striking her in the face and body with his fist causing multiple bruises, contusions and a broken orbital bone in her left eye resulting in her hospitalization. (R. 81:PSR SEALED, PageID 689).

discovered evidence or a new rule of constitutional law made retroactive. (*Id.*, PageID 1916*)*.

## A. The District Court Denies Williams' Motion For A Sentence Reduction

On September 13, 2023, Williams filed a *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018. (R. 226: Motion, PageID 1920). The government filed a response in opposition to Williams' motion. (R. 230: Response, PageID 1968). In his motion, Williams again claims nonretroactive changes in sentencing law warrant a reduction in his sentence. On May 1, 2024, the district court denied Williams' motion. (R. 236: Order, PageID 2098).

Williams now appeals from the denial of his compassionate release motion claiming the district court abused its discretion in denying his motion, but the record shows that the district court properly denied his motion after a proper analysis under 18 U.S.C. § 3582(c)(1)(A). Since there was no error in the district court's decision, this Court should affirm.

## SUMMARY OF THE ARGUMENT

Williams fails to show that the district court abused its discretion in denying his motion for compassionate release. Before reaching its decision, the court properly determined that extraordinary and compelling circumstances did not exist to support Williams' motion.

The district court additionally considered the 18 U.S.C. § 3553(a) sentencing factors and properly concluded that release is not warranted in light of the nature of the offenses, the need for the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. (R. 236: Order, PageID 2106).

Further, the district court determined that Williams' criminal history played a role in the court's consideration of the motion finding Williams was involved in illegal activity as a juvenile, was found guilty of various drug-related offenses as an adult and was convicted of felonious assault involving serious physical harm to a woman during a domestic dispute. (Id., PageID 2107).

Williams therefore has not shown any error in the district court's findings or process in reaching those findings. Accordingly, this Court should affirm the district court's order denying Williams' motion for compassionate release.

# ARGUMENT

**I.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT DENIED WILLIAMS' MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) AND THE FIRST STEP ACT OF 2018.**

### A. Standard of Review.

A district court's "grant of compassionate release is reviewed for abuse of discretion," which occurs, among other things, when the court renders its decision "based on a purely legal mistake such as a misreading of the extraordinary-and-compelling-reasons requirement." *United States v. West*, 70 F.4th 341, 346 (6th Cir. 2023).

### B.    The First Step Act of 2018.

In the First Step Act of 2018, Congress amended Section 3582(c)(1)(A) to allow defendants, as well as the BOP itself, to file motions for a sentence reduction. *See* Pub. L. No. 115-391, Tit. VI, § 603(b), 132 Stat. 5194, 5239.  As modified, Section 3582(c)(1)(A) now states:

> the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Shortly after the First Step Act's enactment, the Sentencing Commission lost a quorum of voting members, and remained without a quorum for more than three years. *See* 88 Fed. Reg. 28,254, 28,256 (May 3, 2023). The Commission thus did not immediately amend the applicable policy statement to account for the First Step Act's procedural change. In the intervening years, nearly every circuit held that the existing policy statement's description of what should be considered "extraordinary and compelling" reasons for a sentence reduction was not applicable to defendant-filed motions. *See, e.g.*, *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). As a result, and in the absence of a binding policy statement, the courts of appeals were obligated to construe the plain meaning of the phrase "extraordinary and compelling reasons" as used in Section 3582(c)(1)(A)(i). The majority of circuits to consider the question—including this Court— determined that a change in the law, whether considered alone or in combination with other factors, cannot constitute an "extraordinary and compelling" reason for a sentence reduction. *See United States v. McCall*, 56 F.4th 1048, 1050 (6th Cir. 2022) (en banc).[3] As this Court explained, "the plain text of the compassionate-

---

[3] *See also United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021); *United States v. Thacker*, 4 F.4th 569, 571 (7th Cir. 2021); *United States v. Crandall*, 25 F.4th 582, 585-86 (8th Cir. 2022); *United States v. Jenkins*, 50 F.4th 1185, 1198-1200 (D.C. Cir. 2022); *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (per curiam) (unpublished). Four circuits, in contrast, have taken the view that a change in the law can form part of an

release statute" compelled the conclusion that "[n]onretroactive legal

developments do not factor into the extraordinary and compelling analysis.  Full

stop."  *Id.* at 1065-66.

In 2022, the Sentencing Commission regained a quorum, and after public

notice and comment voted on April 5, 2023, to promulgate amendments to the

Guidelines Manual, including to Section 1B1.13's policy statement.  88 Fed. Reg.

at 28,254-28,281; *see also* Sentencing Commission Public Meeting Tr. 27-82 (Apr.

5, 2023) ("4/5/23 Tr.").   The amendments to Section 1B1.13 render the policy

statement applicable to defendant-filed motions.  As relevant here, the amendments

also purport to allow, with certain limitations, consideration of changes in law—

including ones Congress has chosen not to make retroactive—when determining

whether a defendant has presented an extraordinary and compelling reason for a

sentence reduction.  That change is reflected in new subsections (b)(6) and (c),

which provide:

> (6) UNUSUALLY LONG SENTENCE.—If a defendant received an
> unusually long sentence and has served at least 10 years of the term of
> imprisonment, a change in the law (other than an amendment to the
> Guidelines Manual that has not been made retroactive) may be considered in
> determining whether the defendant presents an extraordinary and compelling
> reason, but only where such change would produce a gross disparity
> between the sentence being served and the sentence likely to be imposed at

---

individualized assessment of whether to grant a sentence reduction, but only in
combination with other case-specific factors.  *United States v. Ruvalcaba*, 26 F.4th
14, 28 (1st Cir. 2022); *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020);
*United States v. Chen*, 48 F.4th 1092, 1097-98 (9th Cir. 2022); *United States v.
McGee*, 992 F.3d 1035, 1047-48 (10th Cir. 2021).

the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

(c) LIMITATION ON CHANGES IN LAW.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

88 Fed. Reg. at 28,255; see U.S.S.G. § 1B1.13(b)(6), (c).

The Commission divided 4-3 on whether to promulgate the amendments to Section 1B1.13. *See* 4/5/23 Tr. 81-82. The dissenting Commissioners explained that, in their view, the policy statement "goes further than the Commission's legal authority extends," and that the Commission had made "a seismic structural change to our criminal justice system without congressional authorization or directive." *Id*. at 60 (Commissioner Wong, delivering joint statement). In particular, the Commission's decision to allow nonretroactive changes in law to establish a basis for a sentence reduction "supplants Congress's legislative role" and would authorize courts "to revisit duly imposed criminal sentences at the ten-year mark based on intervening legal developments that Congress did not wish to make retroactive." *Id*. at 60-61. "The separation of powers problem" arising from that result, the dissenting Commissioners explained, "should be apparent," as "[i]t

10

is not the Commission's role to countermand Congress's legislative judgments."

*Id*. at 61.

The Commission submitted its proposed Guidelines amendments to Congress on April 27, 2023. 88 Fed. Reg. at 28,254. Because Congress did not act to modify or disapprove of the amendments, they became effective on November 1, 2023. *See* Sentencing Guidelines App. C Supp., Amend. 814 (Nov. 1, 2023); *see also* 28 U.S.C. § 994(p).

**C.   The District Court Did Not Abuse Its Discretion When It Denied Williams' Motion For Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) And The First Step Act of 2018.**

Williams submits that the district court abused its discretion when it denied his motion for compassionate release. Williams claims this abuse of discretion relates to his improper designation as a career offender because Ohio felonious assault is not a crime of violence and that conspiracy to possess with intent to distribute six kilograms of cocaine is not a controlled substance offense. (Doc. 7-1: Appellant's Brief, Pgs. 16, 27). Even assuming arguendo that Williams correctly characterizes certain changes in sentencing law, his claims fail.

In its analysis, the district court determined:

> Here, the precedent that potentially stands for Williams' felonious assault charge not qualifying as a predicate offense for the career offender designation has not been deemed retroactive, and therefore there is no change in law that establishes an "extraordinary or compelling" circumstance to justify compassionate release. (R. 236: Order, PageID 2102).

11

In addition, the district court addressed Williams' claim that his drug trafficking conviction is not a controlled substance offense, as follows:

> Next, Williams relies on *Mathis v. United States,* 579 U.S. 500 (2016) in support of his argument that his trafficking charge under O.R.C. § 2925.03(A)(2) is not a predicate offense because it is not a controlled substance offense. Doc. 226 at p. 20-28…However, he again fails to establish there is any retroactive change to sentencing law that would give rise to an "extraordinary and compelling" reason for a sentence reduction. *See McCall*, 56 F.4th at 1054-55.
> (R. 236: Order, PageID 2102-03).

In *McCall*, this Court held that nonretroactive changes in law do not qualify as an extraordinary and compelling reason for a sentence reduction either alone or in combination with other factors.  56 F.4th at 1050-51, 1065-66.  As the en banc majority explained, "[n]onretroactive legal developments do not factor into the extraordinary and compelling analysis. Full stop."  *Id.* at 1066.

This Court reached that conclusion after considering the statute's text, structure, and history.  *Id.* at 1055-56, 1059.  With respect to the text, the court construed the phrase "extraordinary and compelling" in accordance with those terms' "'ordinary public meaning,'" as informed by federal sentencing law's "background principles" of finality and retroactivity.  *Id.* at 1055.  "The Supreme Court," this Court acknowledged, has explained that the 'ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced."  *Id.* (quoting *Dorsey*, 567 U.S. at 280).  "[T]he text" of Section 3582(c)(1)(A) therefore "gives way to a basic inference: What is

12

'ordinary' and routine cannot also be extraordinary and compelling." *Id.* Put otherwise: "what is expected cannot be extraordinary." *Id.* at 1056.

The "structure of federal sentencing law" and "history" "reinforce[d]" the Court's conclusion. *Id.* at 1056, 1059. In particular, the Court noted that Section 3582(c)(2) *does* allow for a sentence reduction in light of certain changes in law (Guidelines amendments the Commission makes retroactive). *Id.* at 1056; *see* 18 U.S.C. § 3582(c)(2). It would have been illogical, the Court explained, for "the same Congress, skeptical of sentence modifications as a general rule" to have "provid[ed] for the retroactive application of specific changes in sentencing law in § 3582(c)(2) if the compassionate-release exception already covered all legal developments, retroactive or not." *McCall*, 56 F.4th at 1056. Concluding that changes in law could provide grounds for a sentence reduction also would work an end-run around Congress's express retroactivity decisions and the limitations that 28 U.S.C. § 2255 imposes on collateral sentencing attacks. *Id.* at 1056-57. And, the Court emphasized, "[s]ince its enactment, compassionate release has never been understood to cover nonretroactive changes in sentencing law." *Id.* at 1059. *McCall* cannot be understood as anything other than a ruling regarding Section 3582(c)(1)(A)'s plain meaning.

This Court explained that its determination was "[c]onsistent with the text of the compassionate-release provision, along with the principles, structure, and history of federal sentencing law." *Id.* at 1055. The Court interpreted the phrase

13

"extraordinary and compelling reasons" according to its "'ordinary public meaning.'" *Id.* The Court stressed that "it is the text of the compassionate-release statute itself" that "supports the categorical exclusion of non-retroactive legislation or decisions." *Id.* at 1063 (quotations, brackets, and ellipses omitted); *see also id.* at 1065 (explaining that McCall's contention conflicts "with the plain text of the compassionate-release statute").

Moreover, while the Sentencing Commission purported to enlarge district courts' ability to consider nonretroactive changes to sentencing law in the "extraordinary and compelling" context in the November 1, 2023, amendment to § 1B1.13(b)(6), that updated provision is inapplicable on its face here. The amended Section 1B1.13(b)(6) purports to allow for district courts to consider nonretroactive changes to sentencing law for the purposes of "determining whether the defendant presents an extraordinary and compelling reason" for a sentence reduction, but only if, *inter alia*, the defendant had "received an unusually long sentence and . . . *served at least 10 years of the term of imprisonment*." U.S.S.G. § 1B1.13(b)(6) (emphasis added). The district court sentenced Williams to a 210-month term of confinement on August 8, 2017. (R. 107: Judgment, PageID 930-36). As such, Williams has not "served at least 10 years" of his term of imprisonment, and the amended Section 1B1.13(b)(6) is therefore inapplicable. Thus, while the United States takes the position that Section 1B1.13(b)(6) represents an impermissible

14

over-reach by the Sentencing Commission, and is therefore invalid,[4] this Court

need not reach the substance of this issue here, because the amended §

1B1.13(b)(6) is inapplicable to Williams' claims on its face.

### D. Williams' Sentence Did Not Result In Unwarranted Disparities Amongst Defendants With Similar Records.

Finally, Williams claims he is entitled to "an appropriate resentencing"

because of an unwarranted sentence disparity "among defendants with similar

records who have been found guilty of similar conduct." (Doc. 7-1: Appellant's

Brief, Pg. 38). Williams then names the co-defendants and the sentences imposed;

however, none of the co-defendants qualified as career offenders like Williams. In

fact, four of the five listed, Carl D. Penny, Adolfo Maya Magadan, Renee Ballin

Serna and Paul V. Cramer, all had zero (0) criminal history points and Penny was

safety valve eligible, so of these co-defendants the comparison is between the

criminal history of a career offender and co-defendants with no criminal history.

(R. 79: Penny PSR SEALED, PageID 661); (R. 125: Magadan Sent. Trans.,

PageID 1047); (R. 86: Serna PSR SEALED, PageID 756); (R.74: Cramer PSR

SEALED, PageID 607).

Only Marty V. McCaulley was assessed criminal history points and he was

designated as a Criminal History Category IV, not a career offender. (R.101:

---

[4]     This issue is pending before this Court in multiple appeals. *See*, *e.g.*, Briefs
for the United States in, *inter alia*, *United States v. Jason Bricker*, Appeal No. 24-
3286, and *United States v. Ellis McHenry*, Appeal No. 24-3289.

McCaulley PSR SEALED, PageID 810).  McCaulley was sentenced to 180 months imprisonment. (R.187: Amended Judgment, PageID 1634).

On the disparity issue, the district court stated:

Regardless of the amended policy statement, this argument is also foreclosed by controlling law holding that alleged sentencing errors such as sentencing disparities are neither extraordinary nor compelling reasons for compassionate release. *United States v. Persaud,* No. 23-3103, 2023 U.S. App. LEXIS 24163, at *6 (6th Cir. Sep. 12, 2023) (citations omitted). (R. 236: Order, PageID 2105).

The district court did not abuse its discretion when it denied Williams' compassionate release motion pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 because Williams failed to present any extraordinary and compelling circumstances to warrant his compassionate release.  This Court should affirm the district court's order.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court affirm the district court's order denying the motion for compassionate release.

<div style="margin-left: 40%">

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:    /s/ Henry F. DeBaggis
        Henry F. DeBaggis
        Assistant United States Attorney
        801 West Superior Avenue, Suite 400
        Cleveland, Ohio 44113
        Telephone No: (216) 622-3600
        Facsimile No: (216) 522-7499
        Henry.DeBaggis@usdoj.gov
        Counsel for Plaintiff-Appellee

</div>

17

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 30th day of July 2024, a copy of the foregoing

document was filed electronically.  Notice of this filing will be sent to all parties

by operation of the Court's electronic filing system.  Parties may access this filing

through the Court's system.  Notice of this filing was also be sent by Regular U.S.

Mail to the Defendant-Appellant, Omar Williams, Reg. No. 64600-060, FCI Milan,

Federal Correctional Institution, P.O. Box 1000, Milan, MI 48160.


/s/ Henry F. DeBaggis
Henry F. DeBaggis
Assistant U.S. Attorney

## **CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION**

I hereby certify that the foregoing contains 3,352 words according to the word-counting feature of Word 2016 and complies with this Court's 13,000-word limitation for briefs.

/s/ Henry F. DeBaggis

Henry F. DeBaggis
Assistant United States Attorney

19

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Pursuant to Sixth Circuit Rule 30(b), the following filings from the district

court's records are designated as relevant to this appeal:

| DESCRIPTION OF ENTRY | RECORD ENTRY NO. | PAGE ID RANGE |
|---|---|---|
| Docket Sheet, Northern District of Ohio, Case No. 1:17CR83 | N/A | N/A |
| Indictment | 11 | 199-06 |
| Plea Agreement | 36 | 303-16 |
| Cramer Sealed Presentence Report | 74 | 607 |
| Penny Sealed Presentence Report | 79 | 661 |
| Williams Sealed Presentence Report | 81 | 685-89 |
| Serna Sealed Presentence Report | 86 | 756 |
| McCaulley Sealed Presentence Report | 101 | 810 |
| Judgment | 107 | 930 |
| Magadan Sentencing Transcript | 125 | 1047 |
| Motion to Vacate, Set Aside Sentence | 156 | 1859 |
| Amended Judgment | 187 | 1634 |
| Order | 223 | 1915-16 |
| Motion (First Step Act – Compassionate Release | 226 | 1920-39 |
| Response | 230 | 1968 |
| Order | 236 | 2098-2107 |
| Notice of Appeal | 237 | 2112 |